## THE PEOPLE v. LIZARDI.

### APPEAL from the District Court of Humacao.

No. 1.—Decided May 18, 1904.

APPEAL—EVIDENCE.—The testimony of witnesses not given in the regular and ordinary course of the proceedings in a criminal prosecution can have no legal effect for the purposes of an appeal:

EMBEZZLEMENT—PUNISHMENT.—Every person guilty of embezzlement is punishable in the manner prescribed for feloniously stealing property of the value of that embezzled.

INFORMATION—GRAND LARCENY—VALUE.—It is not necessary, in an information charging larceny of cattle, horses, etc., to allege the value thereof.

EMBEZZLEMENT.—EVIDENCE.—Upon a charge of embezzlement, the defense has a right to ask a witness if the person directly injured by the commission of the crime had made statements tending to show that the thing or object alleged to have been appropriated by the accused had been sold to him by such person, and the exclusion of such evidence on the ground that it is irrelevant is error.

CRIMINAL LAW.—Before pronouncing judgment, the court or clerk must inform the defendant of the nature of the charge against him, and of his plea, and ask him whether he has any legal cause to show why judgment should not be pronounced against him.

The facts are stated in the opinion.

*Mr. Juan R. Ramos,* for appellant.

*Mr. del Toro, Fiscal,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the following opinion of the court:

This is an appeal taken by Manuel Lizardi from a judgment of the District Court of Humacao, which sentenced him for the crime of embezzlement, to three years of imprisonment in the penitentiary.

On June 27 of last year Lizardi was accused by the *fiscal* of the district of Humacao of the crime of embezzlement, committed as follows:

"The aforesaid Manuel Lizardi, while having in his possession twenty-seven head of cattle which he had received from Manuel Seoane San Martin, to be taken care of by him for a certain consideration, which cattle were upon an estate he had leased from J. M. Ubarri, situated in Juncos, within the aforesaid district, disposed of the same by turning them over to Ubarri as his own property. This act is contrary to the law in such cases made and provided, and against the peace and dignity of the People of Porto Rico."

Manuel Lizardi pleaded not guilty and waived a trial by jury, whereupon the case was tried before the District Court of Humacao, on the 23d of September last. The witnesses testifying for the prosecution were Manuel Seoane, Manuel Fernández Juncos, Benigno López González, Luis Agrinsonis and Manuel Portela, and for the defense, Ramón Rodríguez, who declared that he had accompanied Seoane on a trip from Carolina to Río Piedras. The attorney for the defense hav-

ing put to the witness the following question: "State whether it is true that Seoane, while in your company from Carolina to Rió Piedras, on the 22nd of April last, that is to say, in April of 1903, stated to you that he was going to collect from Manuel Lizardi the price of some cattle he had sold to the latter." The *fiscal* objected to such question and the same was excluded by the court as irrelevant. On motion of the *fiscal,* however, an entry was made upon the record to the effect that he knew of the fact only from hearsay. To the ruling of the court counsel for the defense excepted, and the taking of the documentary evidence was proceeded with.

Upon the conclusion of the evidence the *fiscal* requested a verdict of guilty, and counsel for the defendant asked for his acquittal, after which judgment was entered upon the record, and the court unanimously declared the defendant guilty of the crime of embezzlement whereof he was accused by the *fiscal,* and sentenced him to three years of imprisonment in the penitentiary, pursuant to sections 445, 455, 428 and 430 of the Penal Code.

From this judgment counsel for Manuel Lizardi took an appeal, alleging as grounds thereof that section 318 of the Code of Criminal Procedure had not been complied with, inasmuch as the court, after the conclusion of the trial, immediately proceeded to pronounce judgment of conviction without having first informed the defendant of the nature of the charge against him and of his plea in defense, nor was he asked whether he had any legal cause to show why judgment should not be pronounced against him, his objection on this score having been overruled by the court on the ground that the trial being closed, the exception taken could not be considered. The defendant alleged moreover, that the information was defective in that the amount of the embezzlement was not stated therein, or that the value of the property taken was above fifty dollars, a requisite necessary for the qualification of the crime as a felony.

The appeal being allowed, the copies prescribed by law were forwarded to this Supreme Court, and the appeal conducted under the proper procedure.

Counsel for the appellant based the appeal on the exception, taken at the trial, to the ruling of the court excluding as irrelevant the question put to the witness Ramón Rodríguez, and tending to prove the nature of the contract entered into between the accuser and the accused, and on the manifest violation of section 518, in connection with section 320, of the Penal Code, which violation was alleged in the notice of appeal; it being idle to contend that no exception upon this point had been taken at the trial, for it appears from the record that immediately after the verdict of guilty, the defendant was sentenced to three years of imprisonment in the penitentiary. For the above reasons the defendant's attorney prayed that the judgment be set aside and a new trial ordered, his petition being supported by certified copies of the testimony of several witnesses, taken after the trial, before the justice of the peace of Rio Piedras, whereby in his opinion, the contract of partnership, first, and afterwards that of the purchase and sale of the cattle in question, both entered into by the parties Seoane and Lizardi, are established.

Upon examination of the grounds of the appeal, taking into consideration, for the purpose, the merits as shown by the record forwarded by the trial court—for the declarations of several witnesses made before the justice of the peace of Rio Pidras can have no legal effect for the purposes of the appeal, being foreign to the proceedings,—it may be averred, at the outset, that the information of the *fiscal* of the Humacao district is not open to the charge of being defective because it fails to specify the amount involved, or the value of the cattle, for section 455 of the Penal Code provides that every person guilty of embezzlement is punishable in the manner prescribed for stealing property of the value of that embezzled, and section 428 of the same Code declares, under para-

graph 3 thereof, that grand larceny is committed when the property taken is a horse, mare, gelding, cow, steer, bull, calf, mule, jack or jenny. The fact that the cattle were worth more or less is therefore immaterial.

As to the question which the attorney for Manuel Lizardi desired to be answered by the witness Ramón Rodríguez, and which was ruled out by the court as irrelevant, said question did not deserve to be so considered, inasmuch as it tended to show that the cattle had been sold by the owner Manuel Seaone to Lizardi, according to the declaration made by Seoane to said witness, and hence to establish the innocence of the accused, who was thereby deprived of a legitimate means of defense whatever might have been the weight given by the court to the result of said evidence.

No bill of exceptions has been filed to show that the trial court had failed to comply with the provision of section 318 of the Code of Criminal Procedure; but inasmuch as it is stated in the record that the *fiscal* had asked the court for a verdict of guilty, and the attorney for the accused that the latter be acquitted, the court having adjudged the accused guilty of the crime of embezzlement as charged by the *fiscal*, and sentenced him to three years' imprisonment in the penitentiary, without the slightest indication being made as to the provisions of section 318 of the Code of Criminal Procedure having been complied with, it is reasonable to presume that said section was not applied, as otherwise it would have been so stated in the record, the terms in which the latter is drafted showing rather that aforesaid section was not complied with, thereby depriving the accused of an important means of defense.

For the reasons above set forth, we are of the opinion that we should reverse the judgment appealed from as rendered by the District Court of Humacao on September 23d of last year, said court being ordered to hold a new trial or to take

such other action as may be authorized by law, with costs of the appeal for the account of the People.

*Decided accordingly.*

Chief Justice Quiñones and Justices Figueras, Sulzbacher and MacLeary concurred.